# EXHIBIT A

printing document

Filing # 45558855 E-Filed 08/23/2016 11:56:58 AM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO._____

**CARLOS CARRICABURU**
And other similarly situated individuals,

      Plaintiff(s),

v.

**MARTINEZ DISTRIBUTORS CORP.,**
a Florida Profit Corporation,
**FABIAN J. MARTINEZ**, individually;
**MARTA I. MARTINEZ**, individually;
**ENRIQUE MARTINEZ**, individually;

      Defendant(s).

_____/

## COMPLAINT

    Plaintiff **CARLOS CARRICABURU**, and other similarly situated individuals, by and

through the undersigned counsel, hereby sues Defendant, MARTINEZ DISTRIBUTORS

CORP., a Florida Profit Corporation; FABIAN J. MARTINEZ, individually; MARTA I.

MARTINEZ, individually; and ENRIQUE MARTINEZ, individually; collectively

("Defendants"), and in support avers as follows:

## GENERAL ALLEGATIONS

1.    This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys'

       fees or costs for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219

       ("FLSA").

2.    This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FLSA.

4. Defendant, MARTINEZ DISTRIBUTORS CORP., a Florida Profit Corporation, located in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, FABIAN J. MARTINEZ, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, MARTINEZ DISTRIBUTORS CORP.

6. Defendant, MARTA I. MARTINEZ, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, MARTINEZ DISTRIBUTORS CORP.

7. Defendant, ENRIQUE MARTINEZ, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, MARTINEZ DISTRIBUTORS CORP.

8. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

9. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

printing document

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11.    Plaintiff performed work for Defendants as a non-exempt employee from on or about July 2015, through on or about July 2016.

12.    Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week.

13.    Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week from on or about July 2015, through on or about July 2016, as proscribed by the laws of the United States and the State of Florida.

14.    Plaintiff, during relevant time period, from on or about July 2015, through on or about July 2016, worked approximately forty (40) overtime hours each week for which he was not paid 1.5 times his regular rate as provided by the FLSA.

### COUNT I
*Wage & Hour Federal Statutory Violation against*
*MARTINEZ DISTRIBUTORS CORP.*

15.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

16.    This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

17.    Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

18.    At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic

printing document

transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

19. Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

20. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

21. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

22. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

23. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime

printing document

and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

    C. Award Plaintiff an equal amount in double damages/liquidated damages;

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Wage & Hour Federal Statutory Violation against*
### *FABIAN J. MARTINEZ*

24.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

25.    At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, MARTINEZ DISTRIBUTORS CORP.

26.    Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair

Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

27.    Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

28.    Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.    Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.    Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C.    Award Plaintiff an equal amount in double damages/liquidated damages; and

D.    Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.    Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III**
*Wage & Hour Federal Statutory Violation against*
*MARTA I. MARTINEZ*

29.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

30.    At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, MARTINEZ DISTRIBUTORS CORP.

printing document

31.     Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

32.     Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

33.     Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Wage & Hour Federal Statutory Violation against*
### *ENRIQUE MARTINEZ*

34.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

printing document

35.   At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, MARTINEZ DISTRIBUTORS CORP.

36.   Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

37   Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

38.   Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.   Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.   Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C.   Award Plaintiff an equal amount in double damages/liquidated damages; and

D.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated:  8/22/16

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
agp@rgpattorneys.com
apetisco@rgpattorneys.com
rregueiro@rgpattorneys.com
pn@rgpattorneys.com

printing document

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO._____

**CARLOS CARRICABURU**
And other similarly situated individuals,

     Plaintiff(s),

v.

**MARTINEZ DISTRIBUTORS CORP.,**
a Florida Profit Corporation,
**FABIAN J. MARTINEZ**, individually;
**MARTA I. MARTINEZ**, individually;
**ENRIQUE MARTINEZ**, individually;

     Defendant(s).

_____/

### SUMMONS IN A CIVIL CASE

**MARTINEZ DISTRIBUTORS CORP.**

Registered agent: **FABIAN J. MARTINEZ**
3081 NW 74th Avenue
Miami, FL 33122

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint. You must also file your answer with the
Clerk of this Court within a reasonable period of time after service.

_____        
CLERK                          DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO._____

**CARLOS CARRICABURU**
And other similarly situated individuals,

      Plaintiff(s),

v.

**MARTINEZ DISTRIBUTORS CORP.,**
a Florida Profit Corporation,
**FABIAN J. MARTINEZ**, individually;
**MARTA I. MARTINEZ**, individually;
**ENRIQUE MARTINEZ**, individually;

      Defendant(s).

_____/

### SUMMONS IN A CIVIL CASE

**FABIAN J. MARTINEZ**
3081 NW 74ᵗʰ Avenue
Miami, FL 33122

   **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

      ANTHONY M. GEORGES-PIERRE, ESQ.
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET, STE. 2200
      MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                    DATE

_____
(BY) DEPUTY CLERK

printing document

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO._____

CARLOS CARRICABURU
And other similarly situated individuals,

     Plaintiff(s),

v.

MARTINEZ DISTRIBUTORS CORP.,
a Florida Profit Corporation,
FABIAN J. MARTINEZ, individually;
MARTA I. MARTINEZ, individually;
ENRIQUE MARTINEZ, individually;

     Defendant(s).
_____/

### SUMMONS IN A CIVIL CASE

**MARTA I. MARTINEZ**
3081 NW 74th Avenue
Miami, FL 33122

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____    _____
CLERK                        DATE

_____
(BY) DEPUTY CLERK

printing document

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO._____

**CARLOS CARRICABURU**
And other similarly situated individuals,

     Plaintiff(s),

v.

**MARTINEZ DISTRIBUTORS CORP.,**
a Florida Profit Corporation,
**FABIAN J. MARTINEZ,** individually;
**MARTA I. MARTINEZ,** individually;
**ENRIQUE MARTINEZ,** individually;

    Defendant(s).

_____/

**SUMMONS IN A CIVIL CASE**

**ENRIQUE MARTINEZ**
3081 NW 74th Avenue
Miami, FL 33122

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET, STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint.  You must also file your answer with the
Clerk of this Court within a reasonable period of time after service.

_____
CLERK               DATE


_____
(BY) DEPUTY CLERK

Filing # 45558855 E-Filed 08/23/2016 11:56:58 AM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of
pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk
of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

| I. | CASE STYLE |
|---|---|

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>CARLOS CARRICABURU</u>
Plaintiff
     vs.
<u>MARTINEZ DISTRIBUTORS CORP., FABIAN J. MARTINEZ, MARTA I. MARTINEZ, ENRIQUE
MARTINEZ</u>
Defendant

| II. | TYPE OF CASE |
|---|---|

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence -- other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☒ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.**   **REMEDIES SOUGHT** (check all that apply):
   ☒   Monetary;
   ☒   Non-monetary
   ☒   Non-monetary declaratory or injunctive relief;
   ☒   Punitive

**IV.**   **NUMBER OF CAUSES OF ACTION: (    )**
   (Specify)

   <u>4</u>

**V.**   **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☒   Yes
   ☐   No

**VI.**   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒   No
   ☐   Yes – If "yes" list all related cases by name, case number and court:


**VII.**   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒   Yes
   ☐   No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Anthony M Georges-Pierre</u>         FL Bar No.: <u>533637</u>
         Attorney or party                                                (Bar number, if attorney)

   <u>Anthony M Georges-Pierre</u>    <u>08/23/2016</u>
         (Type or print name)                                        Date

Filing # 46276618 E-Filed 09/09/2016 04:47:00 PM

RETURN OF SERVICE

State of FLORIDA                    County of MIAMI-DADE                              Circuit Court

Case Number: 2016-021916-CA-01

Plaintiff:
CARLOS CARRICABURU
vs.
Defendant:
MARTINEZ DISTRIBUTORS CORP.,ET.AL.,

For:
Anthony M. Georges-Pierre
REMER & GEORGES-PIERRE, PLLC
44 W. Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 6th day of September, 2016 at 4:02 pm to be served on MARTINEZ
DISTRIBUTORS CORP, 3081 NW 74TH AVENUE, MIAMI, FL 33122.

I, GLENVILLE SMITH, do hereby affirm that on the 7th day of September, 2016 at 11:15 am, I:

CORPORATE:  served by delivering a true copy of the SUMMONS AND COMPLAINT with the date and hour of
service endorsed thereon by me, to: ENRIQUE MARTINEZ as TREASURER for MARTINEZ DISTRIBUTORS
CORP, at the address of: 3081 NW 74TH AVENUE, MIAMI, FL 33122, and informed said person of the contents
therein, in compliance with state statutes.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A
CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS
WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING
(DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

GLENVILLE SMITH
CPS # 502

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750
Our Job Serial Number: OJF-2016013253

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



printing document

Filing # 45793725 E-Filed 08/29/2016 12:24:11 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO. 2016-021911o-CA-01

CARLOS CARRICABURU
And other similarly situated individuals,

    Plaintiff(s),

v.

MARTINEZ DISTRIBUTORS CORP.,
a Florida Profit Corporation,
FABIAN J. MARTINEZ, individually;
MARTA I. MARTINEZ, individually;
ENRIQUE MARTINEZ, individually;

    Defendant(s).

Secretary/
Treasurer
Enrique Martinez
9/7/16
11:15 Am.

SUMMONS IN A CIVIL CASE

MARTINEZ DISTRIBUTORS CORP.

Registered agent: FABIAN J. MARTINEZ
3081 NW 74th Avenue
Miami, FL 33122

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET, STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

                    8/31/2016

CLERK                   DATE

          309876

(BY) DEPUTY CLERK

13253

Filing # 46309699 E-Filed 09/12/2016 12:34:23 PM

RETURN OF SERVICE

**State of FLORIDA**                     **County of MIAMI-DADE**                     **Circuit Court**

Case Number: 2016-021916-CA-01

Plaintiff:
**CARLOS CARRICABURU**
vs.
Defendant:
**MARTINEZ DISTRIBUTORS CORP.,ET.AL.,**

For:
Anthony M. Georges-Pierre
REMER & GEORGES-PIERRE, PLLC
44 W. Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 6th day of September, 2016 at 4:02 pm to be served on **FABIAN J. MARTINEZ, 3081 NW 74TH AVENUE, MIAMI, FL 33122.**

I, GLENVILLE SMITH, do hereby affirm that on the **7th day of September, 2016 at 11:15 am, I:**

**INDIVIDUAL/PERSONAL:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** to: **FABIAN J. MARTINEZ** at the address of: **3081 NW 74TH AVENUE, MIAMI, FL 33122** with the date and hour of service endorsed thereon by me, and informed said person of the contents therein, In compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.



GLENVILLE SMITH
CPS # 502

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**
Our Job Serial Number: OJF-2016013254

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

printing document

Filing # 45793   E-Filed 08/29/2016 12:24:11 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO. 2016-031916-CA-01

CARLOS CARRICABURU
And other similarly situated individuals,

    Plaintiff(s),

v.

MARTINEZ DISTRIBUTORS CORP.,
a Florida Profit Corporation,
FABIAN J. MARTINEZ, individually;
MARTA I. MARTINEZ, individually;
ENRIQUE MARTINEZ, individually;

    Defendant(s).

_____/

*Fabian Martinez*
*9/7/16*
*11:18 Am*

SUMMONS IN A CIVIL CASE

FABIAN J. MARTINEZ
3081 NW 74th Avenue
Miami, FL 33122

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint. You must also file your answer with the
Clerk of this Court within a reasonable period of time after service.

CLERK            8/31/2016
                   DATE

     309876

(BY) DEPUTY CLERK

MILITARY

YES     NO

13254

Filing # 46276618 E-Filed 09/09/2016 04:47:00 PM

RETURN OF SERVICE

State of FLORIDA                County of MIAMI-DADE                    Circuit Court

Case Number: 2016-021916-CA-01

Plaintiff:
CARLOS CARRICABURU
vs.
Defendant:
MARTINEZ DISTRIBUTORS CORP.,ET.AL.,

For:
Anthony M. Georges-Pierre
REMER & GEORGES-PIERRE, PLLC
44 W. Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 6th day of September, 2016 at 4:02 pm to be served on MARTA I.
MARTINEZ, 3081 NW 74TH AVENUE, MIAMI, FL 33122.

I, GLENVILLE SMITH, do hereby affirm that on the 7th day of September, 2016 at 11:15 am, I:

SUBSTITUTE - RESIDENTIAL: served by delivering a true copy of the SUMMONS AND COMPLAINT with the
date and hour of service endorsed thereon by me, to: FABIAN MARTINEZ as SPOUSE at the address of 3081
NW 74TH AVENUE, MIAMI, FL 33122,/ of the within named person's usual place of abode, who resides therein,
who is fifteen (15) years of age or older and informed said person of the contents therein, in compliance with state
statutes.

Military Status: Based upon inquiry of party served, Defendant is not in the military service of the United States of
America.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A
CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS
WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING
(DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

GLENVILLE SMITH
CPS # 502

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750
Our Job Serial Number: OJF-2016013255

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n



Filing # 4579333 E-Filed 08/29/2016 12:24:11 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO. 2016-021416 - CA-01

**CARLOS CARRICABURU**
And other similarly situated individuals,

    Plaintiff(s),

v.

**MARTINEZ DISTRIBUTORS CORP.,**
a Florida Profit Corporation,
**FABIAN J. MARTINEZ**, individually;
**MARTA I. MARTINEZ**, individually;
**ENRIQUE MARTINEZ**, individually;

    Defendant(s).

_____/

#502

Husband
Fabian Martinez
9/7/16
11:18 Am

SUMMONS IN A CIVIL CASE

**MARTA I. MARTINEZ**
3081 NW 74th Avenue
Miami, FL 33122

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET, STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

        8/31/2016

CLERK            DATE

_____ 309876

(BY) DEPUTY CLERK



MILITARY

YES    ( NO )

13255

printing document

Filing # 46276618 E-Filed 09/09/2016 04:47:00 PM

RETURN OF SERVICE

State of FLORIDA                 County of MIAMI-DADE              Circuit Court

Case Number: 2016-021916-CA-01

Plaintiff:
CARLOS CARRICABURU
vs.
Defendant:
MARTINEZ DISTRIBUTORS CORP.,ET.AL.,

For:
Anthony M. Georges-Pierre
REMER & GEORGES-PIERRE, PLLC
44 W. Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 6th day of September, 2016 at 4:02 pm to be served on **ENRIQUE MARTINEZ, 3081 NW 74TH AVENUE, MIAMI, FL 33122.**

I, GLENVILLE SMITH, do hereby affirm that on the **7th day of September, 2016 at 11:15 am, I:**

**INDIVIDUAL/PERSONAL:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** to: **ENRIQUE MARTINEZ** at the address of: **3081 NW 74TH AVENUE, MIAMI, FL 33122** with the date and hour of service endorsed thereon by me, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

GLENVILLE SMITH
CPS # 502

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**
Our Job Serial Number: OJF-2016013256

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

printing document

Filing # 45793325 E-Filed 08/29/2016 12:24:11 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO. 2016-0219116 - CA - 01

CARLOS CARRICABURU
And other similarly situated individuals,

    Plaintiff(s),

v.

MARTINEZ DISTRIBUTORS CORP.,
a Florida Profit Corporation,
FABIAN J. MARTINEZ, individually;
MARTA I. MARTINEZ, individually;
ENRIQUE MARTINEZ, individually;

    Defendant(s).

_____/

*#502*

*Enrique Martinez*
*9/7/16*
*11:15 Am*

SUMMONS IN A CIVIL CASE

ENRIQUE MARTINEZ
3081 NW 74th Avenue
Miami, FL 33122

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET, STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

8/31/2016

CLERK                        DATE

    Shedrick Fleen 308676

(BY) DEPUTY CLERK

MILITARY

YES    NO

127er.

OUR SERVICES, INC
954 328 1215
WWW.OURSERVICES.COM

Filing # 46633430 E-Filed 09/19/2016 04:31:43 PM

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

**CASE No.2016-021916-CA-01**

**CARLOS CARRICABURU**
And other similarly situated individuals,

      Plaintiff(s),

v.

**MARTINEZ DISTRIBUTORS CORP.,**
a Florida Profit Corporation,
**FABIAN J. MARTINEZ**, individually;
**MARTA I. MARTINEZ**, individually;
**ENRIQUE MARTINEZ**, individually;

      Defendant(s).

_____/

### FIRST AMENDED COMPLAINT

Plaintiff **CARLOS CARRICABURU**, and other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendant, MARTINEZ DISTRIBUTORS CORP., a Florida Profit Corporation; FABIAN J. MARTINEZ, individually; MARTA I. MARTINEZ, individually; and ENRIQUE MARTINEZ, individually; collectively ("Defendants"), and in support avers as follows:

### GENERAL ALLEGATIONS

1.    This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2.    This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

printing document

3.     Plaintiff was at all times relevant to this action, resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FLSA.

4.     Defendant, MARTINEZ DISTRIBUTORS CORP., a Florida Profit Corporation, located in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5.     Defendant, FABIAN J. MARTINEZ, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, MARTINEZ DISTRIBUTORS CORP.

6.     Defendant, MARTA I. MARTINEZ, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, MARTINEZ DISTRIBUTORS CORP.

7.     Defendant, ENRIQUE MARTINEZ, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, MARTINEZ DISTRIBUTORS CORP.

8.     Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

9.     Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

10.    All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11.    Plaintiff performed work for Defendants as a non-exempt employee from on or about July 2015, through on or about July 2016.

12.    Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week.

13.    Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week from on or about July 2015, through on or about July 2016, as proscribed by the laws of the United States and the State of Florida.

14.    Plaintiff, during relevant time period, from on or about July 2015, through on or about July 2016, worked approximately forty (40) overtime hours each week for which he was not paid 1.5 times his regular rate as provided by the FLSA.

15.    Defendants agreed to pay for Plaintiff's tools and expenses, but Defendants actually never complied with it.   Plaintiff did not receive any payments from Defendants towards tools expenses.

### COUNT I
#### *Wage & Hour Federal Statutory Violation against*
#### *MARTINEZ DISTRIBUTORS CORP.*

16.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

17.    This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*

18.    Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

19.    At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the

United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

20.    Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

21.    By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

22.    Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

23.    Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's

printing document

employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

24.     To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See. e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wage compensation for hours worked in excess of forty (40) weekly, with interest;

C.  Award Plaintiff an equal amount in double damages/liquidated damages;

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
***Wage & Hour Federal Statutory Violation against***
***FABIAN J. MARTINEZ***

24.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14

printing document

of this complaint as if set out in full herein.

25.   At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, MARTINEZ DISTRIBUTORS CORP.

26.   Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

27.   Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

28.   Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.   Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.   Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C.   Award Plaintiff an equal amount in double damages/liquidated damages; and

D.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT III**
*Wage & Hour Federal Statutory Violation against*
*MARTA I. MARTINEZ*

29.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14

of this complaint as if set out in full herein.

30.     At the times mentioned, Defendant was, and is now, a corporate officer of corporate

Defendant, MARTINEZ DISTRIBUTORS CORP.

31.     Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair

Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted

directly in the interests of Defendant employer in relation to the employees of Defendant

employer, including Plaintiff.

32.     Defendant had operational control of the business and is thus jointly liable for Plaintiff's

damages.

33.     Defendant willfully and intentionally refused to properly pay Plaintiff's wages as

required by the law of the United States as set forth above and remains owing Plaintiff

these wages since the commencement of Plaintiffs' employment with Defendant as set

forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully,

intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime

wages for hours worked in excess of forty (40) weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees;

and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT IV
*Wage & Hour Federal Statutory Violation against*
*ENRIQUE MARTINEZ*

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

35. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, MARTINEZ DISTRIBUTORS CORP.

36. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

37 Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

38. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT V
### *Breach of Agreement Against*
### MARTINEZ DISTRIBUTORS CORP.

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 of this complaint as if set out in full herein.

40. Defendant breached its agreement with Plaintiff by failing to pay Plaintiff for services provided and worked performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

41. Plaintiff seeks to recover Attorney Fees pursuant to Fla. Statue 448.08.

42. Plaintiff suffered damages as a result of Defendant's breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

### COUNT VI. UNJUST ENRICHMENT/QUANTUM MERUIT

43. Plaintiff re-alleges and incorporates paragraphs 1 through 14 of this complaint as if fully set forth herein.

44. As described herein, Defendant has retained wages from Plaintiff, which were fully earned and should be paid, pursuant to the agreement.

45.     Since Defendant has retained and failed to remit the wages earned and owed to Plaintiff, they have been unjustly enriched. This will result in a windfall for Defendant and undue prejudice to Plaintiff.

46.     Defendant has not performed all of its obligations outlined under the Agreement.

47.     If Defendant retains the owed wages and renege on the obligations outlined in the agreement, it will receive a windfall. Only by remitting the wages earned pursuant to the agreement will the Plaintiff, Plaintiff, be compensated in accordance with the amount of service he has performed and the status quo preserved.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant for compensatory damages, restitution, punitive damages, prejudgment interest, attorneys' fees and costs, and for such other relief as is just and proper, and a trial by jury.

## COUNT VI: PROMISORRY ESTOPEL

48.     Plaintiff re-alleges and incorporates paragraphs 1 through 14 of this complaint as if fully set forth herein.

49.     Defendant made misrepresentations of material facts to Plaintiff in regards to promises made by Defendant to fairly and regularly compensate Plaintiff in accordance to the terms of the agreement.

50.     Defendant promises to Plaintiff were definite and substantial in nature.

51.     Defendant should have reasonably expected to induce action or forbearance on the part of Plaintiff based on its promises/misrepresentations.

52.     Plaintiff reasonably relied on Defendant's promises/misrepresentations to his detriment as Defendant's promises/misrepresentations did in fact induce such action and forbearance by Plaintiff.

printing document

53.   Enforcement of Defendant's promise to Plaintiff is necessary in order to avoid manifest

injustice to Plaintiff.

**WHEREFORE,** Plaintiff demands judgment in its favor and against Defendant, jointly and

severally, for compensatory damages, reliance damages, costs of this action and such other and

further relief as this Honorable Court deems just.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated:  9/19/16

Respectfully submitted,

B.r#11557g

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone:  305-416-5000
Facsimile: 305-416-5005
agp@rgpattorneys.com
apetisco@rgpattorneys.com
rregueiro@rgpattorneys.com
pn@rgpattorneys.com

Filing # 46993053 E-Filed 09/27/2016 04:46:23 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

CARLOS CARRICARBURU,
and other similarly situated individuals,

      Plaintiff,

v.

MARTINEZ DISTRIBUTORS CORP.,     Case No.  2016-021916-CA-01
a Florida Profit Corporation,
FABIAN J. MARTINEZ, individually,
MARTA I. MARTINEZ, individually,
ENRIQUE MARTINEZ, individually,

      Defendants.
_____/

## NOTICE OF APPEARANCE

J. Robert McCormack and Lara J. Peppard of the Law Firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby file this Notice of Appearance as counsel on behalf of Defendants in the above-styled cause. All future correspondence, pleadings, and other materials should be served upon the undersigned as counsel on behalf of Defendants. Additionally, the undersigned requests, unopposed, a ten (10) day extension of time, up to and including October 7, 2016, in which to respond to the Complaint in this action.

      DATED:  September 27, 2016.     Respectfully submitted,

                                */s/ Lara J. Peppard*
                                J. Robert McCormack
                                Florida Bar No. 864791
                                E-mail:  bob.mccormack@ogletreedeakins.com
                                Lara J. Peppard, Esq.
                                Florida Bar No. 520055
                                E-mail: lara.peppard@ogletreedeakins.com
                                Secondary: grace.nichols@ogletreedeakins.com
                                Secondary: TAMDocketing@ogletreedeakins.com

OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida  33602
Telephone:   (813) 289-1247
Facsimile:    (813) 289-6530
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 27, 2016, I filed the foregoing with the Clerk

of Court through the Florida Courts E-Filing Portal, which will provide a copy to the following:

Anthony M. Georges-Pierre, Esq.
Remer & Georges-Pierre, PLLC
44 West Flagler Street, Suite 2200
Miami, FL  33130
agp@rgpattorneys.com
apetisco@rgpattorneys.com
rregueiro@rgpattorneys.com
pn@rgpattorneys.com
*Counsel for Plaintiff*

/s/ Lara J. Peppard
Attorney

26327795.1

2